[Filed June 11, 1885.]

## STATE OF OREGON *v.* LEE HALE.

CRIMINAL LAW—EVIDENCE—PRESUMPTION—POSSESSION OF STOLEN PROPERTY.—
The only presumption of guilt arising from the possession of property recently stolen is one of fact and not of law.

UMATILLA COUNTY.    Defendant appeals.    Reversed and new trial ordered.

*Wm. Ramsey,* for Appellant.

*Morton D. Clifford, District Attorney,* and *W. H. Holmes,* for Respondent.

LORD, J.—The defendant was indicted for the larceny of certain cattle, tried and convicted, and from the judgment of conviction brings this appeal to this court. There are numerous assignments of error, but after an attentive examination of them we are satisfied there is but one that is material and error. The court instructed the jury that "when property recently stolen is found in the possession of any person, such possession raises a presumption of guilt, and unless he shows that he came honestly into the possession of said property the law will presume that he stole the same." The objection to this instruction is that the weight to be given to fact or circumstance is, under our statute, to be left to the jury; that the court is not authorized to pass upon the weight to be given to any circumstance, or to direct the jury in reference thereto. It is often said that the recent possession of stolen property by the prisoner, unexplained, raises the presumption that he is the thief, and that this presumption shifts the burden from the State to the prisoner. But the presumption raised by such circumstances is one of fact, from which the jury may infer guilt. There is no legal presumption of guilt from the recent possession of stolen property.

In *Conkwright* v. *People,* 35 Ill. 204, it was held error to instruct a jury, upon a trial for larceny, that possession of stolen property soon after it is stolen is of itself *prima facie* evidence of theft by the possessor, and the burden of proving his posses-

sion to have been honest is there thrown upon him. The question is undoubtedly a vexatious one, and upon it, as Mr. Bishop says, "all sorts of utterances are to be found in the books." (2 Bish. Crim. Proc. § 740.) But we regard it as a question of fact and not of law, to be submitted to the jury, and for them to determine whether the defendant is the guilty party or not. In *Curtis* v. *State*, 6 Cold. 9, the court say: "The possession of such a chattel as a horse, two months after the theft, is a circumstance to be considered by the jury; but it does not, even unexplained, raise a conclusive presumption of the prisoner's guilt. The jury may, and should, give it proper thought as evidence; but the matter is for them, and they are not bound in such case to convict the prisoner unless they are, upon the whole evidence, satisfied of his guilt." In *State* v. *Hodge*, 50 N. H. 510, this whole subject, and the authorities upon it, is ably and thoroughly reviewed, and the result there reached is in conformity with our views.

We think the instruction was error. The judgment must be reversed, and a new trial ordered.