Decided 27 October, 1902.

## STATE *v.* SALLY.

[70 Pac. 396.]

Motion to Acquit—Specification of Reasons.

1. Where, in a prosecution for larceny, a motion to direct a verdict of not guilty was based merely on the insufficiency of the evidence, it could not be urged for the first time on appeal that it was error to overrule the motion because there was no evidence that the taking was without the owner's con. sent; for, under the established practice in Oregon, a motion to acquit must specify the reasons on which it is based, unless it is for insufficiency of the evidence as a whole.

Larceny—Instruction as to Intent of the Taking.

2. Where the theory of the defense on prosecution for larceny was that defendant took the animal under the belief that it belonged to his father, and that he had authority to take it, an instruction that "the intent to convert the animal to his own use, knowing it was not his, is the gist of this offense," was not prejudicially erroneous, in connection with the preceding instruction defining larceny as the felonious taking, stealing, and carrying away of the property of another, and an instruction following, exonerating defendant if the jury believed the theory of defense.

Harmless Error in Admitting Evidence.

3. Error in admitting testimony as to marks on a stolen article is harmless where the thing itself is before the jury.

Refusing Duplicate Instructions.

4. A judge may properly refuse to give requested instructions that are covered by his general charge.

Instruction as to Possession of Stolen Property.

5. Where the defense for larceny of a steer was that defendant took it believing it to be the property of his father, an instruction that, while possession of property recently stolen, if unexplained, is a circumstance tending to show guilt, yet if the jury believed that defendant came honestly in possession, or that it was unconnected with any suspicious circumstances of guilt, this would remove every presumption of guilt, was as favorable as defendant was entitled to; and it was not error to refuse an instruction that, if the possession was reasonably and credibly explained, the presumption of guilt arising therefrom was overcome.

Presumption From Possession of Stolen Property.

6. The presumption arising from the possession of stolen property is one of fact only.

Favorable Error is Harmless.

7. Error in favor of an accused cannot be the basis of complaint, for it is manifestly harmless.

Practice in Pronouncing Sentence.

8. Whether a defendant is entitled to be asked if he has anything to say why sentence should not be pronounced, the right (if it is a right) is practically granted where the court overrules a motion for a new trial and at once pronounces sentence, for the defendant is present and has not been without a hearing.

From Baker: Robert Eakin, Judge.

William Sally appeals from a judgment of guilty of the charge of larceny.                              AFFIRMED.

For appellant there was a brief over the names of *Geo. J. Bentley* and *Geo. A. Smith,* · with an oral argument by *Mr. Bentley.*

For the state there was a brief over the name of *D. R. N. Blackburn,* Attorney General, with an oral argument by *Mr. Blackburn* and *Mr. Samuel White,* District Attorney.

MR. JUSTICE BEAN delivered the opinion.

The defendant was tried for and convicted of the crime of larceny by stealing a steer, the property of one E. H. Powers. From the judgment which followed he appeals on the ground that the court erred in overruling his motion to direct a verdict of acquittal, in the admission of testimony, and the giving and refusing of certain instructions to the jury. From the evidence it appears that on the afternoon of October 26, 1901, the defendant butchered an animal alleged by the prosecution to have been a steer belonging to Mr. Powers; that he cut the hide into four or five pieces and on the following morning put it in a water hole some 50 or 60 feet distant from his residence, where it was subsequently found by an officer of the law. The defendant admitted the killing of the animal and putting its hide into the water hole as charged, but insisted that it was a heifer, and belonged to his father, who had given him permission to kill it, and that the hide was placed in the water hole for the purpose of keeping it soft and green. Powers was called as a witness for the state, and testified, among other things, that the hide in question had his brand thereon; that he had not sold or disposed of the animal to any one, nor had he authorized the defendant, or any one else to butcher it; but he did not testify directly, nor was he asked, whether he had consented to the taking of it by the defendant.

1. At the close of the testimony for the prosecution, the defendant moved the court to direct a verdict of not guilty, for the reason that the evidence was not sufficient to justify a conviction; and it is now insisted that this motion should have been sustained, because Powers did not testify directly that the animal was taken by the defendant without his consent. The evidence on this· point is perhaps sufficient, but, whether it is or not, the objection made cannot be urged for the first time on appeal. Under the practice long established, if there was a failure of proof in this particular, it should have been specified in the motion for an order to acquit. Such is the rule laid down in *State* v. *Tamler,* 19 Or. 528 (25 Pac. 71, 9 L. R. A. 853), where it is said: "In a motion asking the court to direct an acquittal, where it is claimed that the evidence is insufficient to prove the crime charged, it ought to specify the particulars in which it is claimed the evidence is insufficient, unless there is a total failure of proof; otherwise the attention of the trial court will be directed to the evidence as a whole,—that is, whether there is any evidence upon which a verdict may be founded,—and wholly omit to consider the particular matter in which the alleged insufficiency consists, and which is relied upon in this court, and perhaps subsequent research may have suggested." This same doctrine has been reaffirmed in *State* v. *Pomeroy,* 30 Or. 16 (46 Pac. 797); *State* v. *Robinson,* 32 Or. 43 (48 Pac. 357); *State* v. *Fiester,* 32 Or. 254 (50 Pac. 561); *State* v. *Schuman,* 36 Or. 16 (58 Pac. 661, 47 L, R. A. 153, 78 Am. St. Rep. 754).

2. It is next insisted that the court erred in instructing the jury that "the intent to convert the animal to his own use, knowing that it was not his, is the gist of this offense." It is argued that this instruction is erroneous, because the defendant admitted the taking of the animal with the intent to convert it to his own use, knowing that it did not belong to him, but believing that it belonged to his father, and that he had authority and permission to take it. The instruction complained of, standing alone, might be open to some criticism; but it is a part of the general charge, and must be construed

in connection with other portions thereof. Immediately before giving this instruction, and in the same connection, the court charged the jury that larceny consists in the felonious taking, stealing, and carrying away of the property of another, and, immediately thereafter, that if they believed from the evidence that defendant killed the animal which he is charged with stealing, "honestly believing, had reason to believe, and did believe, it to be the property of William A. Sally, Senior, then the defendant would not be guilty as charged, and should be acquitted," and that it was incumbent upon the state to establish to the satisfaction of the jury, beyond a reasonable doubt, "that the defendant took the same with felonious intent, and unless such facts are established to your satisfaction, beyond a reasonable doubt, you will find the defendant not guilty." Taking the particular part of the instruction complained of in connection with the other portions referred to, it is perfectly apparent what the court intended, and what the jury must have understood, and that no injury could have resulted to the defendant therefrom.

3. The hide which it is admitted was taken from the animal killed by the defendant was produced and offered in evidence. During the trial the court permitted witnesses, over the defendant's objection, to testify as to the brand thereon, and error is based upon this ruling. If the admission of this testimony was error at all, it was harmless, because the hide was in evidence, and the jury could and did inspect it.

4. The defendant requested the court to charge the jury, among other things, that if he took the animal, honestly believing that he had a right to take it, and acted wholly upon that belief, he should be acquitted, and if he took it under a claim of right honestly entertained, and afterward discovered his mistake, a subsequently formed intent to appropriate it to his own use would not constitute the crime charged. These instructions were substantially covered by the general charge already alluded to, and there was no error in refusing to give them.

5. The defendant also requested the court to charge the jury that while the possession of property recently stolen is a circumstance which they might take into consideration as tending to show guilt, yet, if that possession is reasonably and credibly explained, the presumption of guilt arising therefrom is overcome. This was refused, but the court charged that, while the recent possession of stolen property, if unexplained, is a circumstance tending to show the guilt of the prisoner, yet, if the jury believed from the evidence that the defendant came honestly into the possession of the property, or that it is unconnected with any suspicious circumstance of guilt, this would be a satisfactory account of his possession, and would remove every presumption of guilt growing out of the same. This instruction seems, in substance, the same as that requested, and is certainly as favorable to the defendant as he could reasonably expect.

6. The presumption arising from the possession of stolen property is one of fact, and not of law. It is a circumstance in the case from which the jury may infer guilt, but no legal presumption of guilt arises therefrom: *State* v. *Hale,* 12 Or. 352 (7 Pac. 523).

7. The weight and value of such testimony are exclusively for the jury, and it may well be questioned whether the court, in instructing them as to what would overcome the presumption, did not invade their province (*State* v. *Maloney,* 27 Or. 53, 39 Pac. 398), but if so, it was an error favorable to the defendant, of which he cannot complain.

8. And finally it is asserted that the court erred in sentencing the defendant without asking him at the time whether he had anything to say why sentence should not be pronounced. At common law, it was essential in all capital offenses that it should appear of record that the defendant was asked before sentence if he had anything to say why it should not be pronounced: Wharton's Cr. Pl. (8 ed.) § 906; *Ball* v. *United States,* 140 U. S. 118, 129 (11 Sup. Ct. 761). But it is not believed that this rule applies to minor felonies: *Bressler* v. *People,* 117 Ill. 422 (8 N. E. 62) ; 19 Ency. Pl. &

Pr. 457.   But if it does, it was substantially complied with in this case.   The defendant moved for a new trial and in arrest of judgment, both of which motions were overruled at the time, or immediately prior to the sentence.   This shows that he was accorded practically all that the common-law rule was intended to secure: *State* v. *Johnson,* 67 N. C. 55.   And in the words of Mr. Justice STONE in *Spigner* v. *State,* 58 Ala. 421, 424: "It would look like child's play to remand this cause, when the only effect could be to propound the question to the prisoner, receive his answer that he had nothing further to offer, and then pronounce the sentence of the law on the verdict of guilty heretofore rendered by the jury, and which is free from error."

The judgment will be affirmed.                 AFFIRMED.

Decided 15 April, 1901.