Argued Nov. 1, decided Nov. `15, rehearing denied Dec. 21, 1909.

## STATE *v.* BRINKLEY.

[104 Pac. 893 ; 105 Pac. 708.]

LARCENY—INDICTMENT—SUFFICIENCY.

1. Under Section 709, B. & C. Comp., providing that the terms of a writing are presumed to have been used in their primary and general acceptation, and Section 1311, providing that, when a crime involves the taking of an animal, the indictment is sufficiently certain if it describes the animal by the common name of its class, an indictment charging the larceny of a "calf" was sufficiently certain, and charged a felony under Section 1801, directed against the larceny of animals named.

LARCENY—INDICTMENT—GRAND OR PETIT LARCENY.

2. An allegation in an indictment for the larceny of a calf, made a felony by Section 1801, B. & C. Comp., of the value of the calf as $8, does not reduce the offense to petit larceny.

ANIMALS—BRAND AND EARMARK—EVIDENCE OF OWNERSHIP.

3. A brand and earmark recorded as provided by Sections 4201, 4204, B. & C. Comp., are *prima facie* evidence of the ownership of the animal on which found.

CRIMINAL LAW—APPEAL—PRESENTATION AND RESERVATION OF ERROR—
        SUFFICIENCY OF EVIDENCE.

4. Unless there is a total failure of proof, a motion to direct an acquittal in general terms will not bring up for review the question of the sufficiency of the proof, but the particulars in which the proof is insufficient must be specified.

LARCENY—EVIDENCE—POSSESSION OF RECENTLY STOLEN PROPERTY.

5. Possession of property recently stolen is a circumstance, if unexplained, or if the explanation is unreasonable or improbable, that may tend to show guilt, and from which the jury may find accused guilty, if with the other evidence it satisfies them beyond a reasonable doubt.

CRIMINAL LAW—APPEAL—PRESENTATION AND RESERVATION OF GROUNDS
        OF REVIEW—EXCEPTIONS.

6. Error assigned on the failure of the court to give an instruction cannot be considered where there was no request therefor nor exception taken to the action of the court in not giving it.

CRIMINAL LAW—EVIDENCE—"CONFESSION."

7. A "confession" by accused may be a naked statement that he is guilty of a crime, or it may be a full statement of the circumstances of the commission, including his part in it.

CRIMINAL LAW—ADMISSIONS—CORPUS DELICTI.

8. Statements of extraneous facts by accused, not involving guilt, even when his confession is inadmissible because not voluntary or for any other reason, may be received against him as evidence of such facts, and may be sufficient to prove the *corpus delicti*.

LARCENY—CATTLE THEFT—CORPUS DELICTI—EVIDENCE.

9. In a prosecution for cattle theft, evidence of defendant's admissions *held* sufficient evidence of the *corpus delicti* to require submission of the case to the jury.

From Baker: WILLIAM SMITH, Judge.

The defendant, Ira Brinkley, was convicted of the crime of larceny and from the judgment and sentence which followed, he appeals.                          AFFIRMED.

For appellant there was a brief over the names of *Mr. Morton D. Clifford* and *Messrs. Olmsted & Strayer* with oral arguments by *Mr. Clifford* and *Mr. M. L. Olmsted.*

For the State there was a brief over the names of *Mr. William S. Levens,* District Attorney, *Mr. W. G. Drowley, Mr. George J. Bentley* and *Mr. Andrew M. Crawford,* Attorney General, with an oral argument by *Mr. Levens.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is a criminal action, in which defendant was convicted of larceny of a calf. The indictment is in the usual form.

1. The first error urged by defendant is that the animal alleged to have been stolen is "a calf," and that this is too indefinite, the word "calf" being applied to other things and animals as well as the offspring of the bovine family; but the latter is its primary application, and therefore must be so accepted, unless some other application appears to have been intended. Section 709, B. & C. Comp., provides that the terms of a writing are presumed to have been used in their primary and general

acceptation, and Section 1311 provides that the indictment is sufficient in that respect if it describes the animal by the common name of its class, and therefore the indictment charges felony under Section 1801, B. & C. Comp.

2. The allegation of value of the calf at $8.00, does not reduce the offense to petit larceny. The effect of the holding in *State* v. *Minnick*, 54 Or. 86 (102 Pac. 605), and in *State* v. *Hanlon*, 32 Or. 95, 103 (48 Pac. 353), is only that the allegation of value, if less than $35, makes the indictment charging felony broad enough to include the lesser offense of petit larceny under Section 1418, B. & C. Comp.

3. The evidence of the State tended to show that on the morning of August 10, 1908, defendant took three sucking calves from three cows, one of which cows was marked with the brand and earmark of W. H. Boyce, and that evening he butchered the three calves, and the next morning sold and delivered them to Henry Fawcett, a butcher in Baker City, according to an arrangement made with him several days before. Defendant urges that none of the calves have been identified as belonging to Boyce, or that, if one of them was the property of Boyce, yet it is not shown which one. The brand of W. H. Boyce, described as a "half circle A," and his earmark, were duly recorded, as provided by Sections 4201, 4204, B. & C. Comp., which make them *prima facie* evidence of the ownership of the cow; and, although Boyce never saw the calf and did not know whether the cow referred to had a calf, yet such want of knowledge on his part is not fatal to the State's case, if the cow was his and had a calf. Other witnesses may be competent to establish such facts. The owner of a cow owns also the offspring, and the proof of the appearance of the cow was proof tending to show that the cow had passed through the period of gestation and had a calf, and,

although it was not shown which of the three calves
killed was the calf of the Boyce cow, because no such
specific description of them was given or was possible,
yet defendant was only prosecuted for the larceny of the
calf of the Boyce cow, which calf, the proof tended to
show, was killed and sold by defendant, and this is a
sufficient identification of the calf alleged to have been
taken. The brand and mark upon the Boyce cow was
shown by Boyce to be his brand and mark, and being
recorded, as provided by law, was sufficient to establish
the ownership of the cow. There was testimony by Steve
Osborn identifying as the property of Boyce a red,
dehorned cow, marked with. Boyce's brand and mark,
which he saw in defendant's pasture, and which came
to the fence, bawling and wanting out, her calf having
been recently taken away, and her bag was full of milk.
Wellman testified that he drove to defendant's pasture
for him, a red moolley or dehorned cow, being one of the
three cows whose calves defendant told him he had killed
Also admissions of defendant made to other witnesses
were proved to the effect that on August 10, 1908, he
had killed the calf of the red moolley or dehorned cow,
identified as the Boyce cow. The identity and ownership
of the calf could only be established by the identity and
ownership of the cow, and the evidence did tend to iden-
tify the calf as the property of Boyce.

4. The denial by the court of defendant's motion for a
directed verdict interposed at the close of the State's
testimony is urged by defendant as error. The motion,
as disclosed by the record, is that the court "direct a
verdict of not guilty, for the reason that the State has
wholly failed to prove a cause sufficient to be submitted
to the jury." Under the holding in *State* v. *Tamler,* 19
Or. 528 (25 Pac. 71: 9 L. R. A. 853), which holds that,
unless there is a total failure of proof, a motion for a
directed verdict in general terms will not bring upon

appeal the question of the insufficiency of the proof, the motion ought to specify the particulars in which it is claimed the evidence is insufficient. That question must be first called specifically to the attention of the lower court, and cannot be raised here for the first time. However, the insufficiency of the evidence relied on here is a failure to identify the animal, the larceny of which is charged. This, as we have already shown, is sufficiently established to be submitted to the jury, and the motion was properly denied. If there were any doubt or uncertainty as to the identity of the calf killed, it is removed by defendant's testimony, in which he states that on the morning of August 10, 1908, he purchased four cows and three calves from two strangers named Gibson, and the animals were turned into his pasture; that in the afternoon of that day he drove one of these cows and the three calves to his barn, and killed the three calves that evening; that the cow which he brought with the calves from the pasture was the red cow, branded, as he says, with "a half circle A, or whatever Mr. Boyce claims," and that he brought that cow up to milk. He did not admit that one of the calves belonged to that cow, but he believed that it did. He refers to the fourth cow, mentioned as the "3S cow," as being the dry cow

5. It was for the jury to determine whether the evidence established that defendant was in the possession of the calf recently after it was stolen, and whether his explanation of such possession was reasonable and consistent with innocence, and, if they found that the property was stolen and recently thereafter found in his possession, this would be a circumstance, if unexplained or the explanation unreasonable or improbable, they might consider as tending to show guilt, and from which they might find him guilty, if, taken in connection with all the evidence, it satisfies them beyond a reasonable doubt of his guilt. *State* v. *Hale,* 12 Or. 352 (7 Pac. 523) ; *State*

v. *Pomeroy,* 30 Or. 16, 25 (46 Pac. 797) ; *State* v. *Hodge,*
50 N. H. 510.   And as said in *State* v. *Sally,* 41 Or. 370
(70 Pac. 396), the weight and value of testimony upon
these questions are exclusively for the jury.

6. The exceptions to instructions given by the court
and to the refusal to give instructions requested are
based largely upon the matters above considered, and
are not well taken, and the instructions requested by
defendant, so far as proper, are included in the instruc-
tions given.   Defendant assigned as error the failure
of the court to instruct the jury as to the effect of cir-
cumstantial evidence, but there was no request for such
instruction nor exception taken to the action of the
court in not giving it, and the question cannot be con-
sidered here.   *State* v. *Magers,* 36 Or. 38 (58 Pac. 892) ;
*Smitson* v. *Southern Pac. Co.,* 37 Or. 74, 89 (60 Pac.
907).   It is said in *State* v. *Abrams,* 11 Or. 172 (8 Pac.
328) :  "We have announced this principle before, and
we now lay it down as a rule to which there can be no
exceptions that no objection to proceedings in the court
below can be heard in this court which is not based on
alleged error in judicial action on the part of the lower
court."   In *State* v. *Cody,* 18 Or. 506 (23 Pac. 891: 24
Pac. 895), the majority of the court held that, without
exception being taken thereto, the failure of the court
to instruct the jury that the charge of felony included
also a lesser offense is reversible error, but this case was
expressly overruled in *State* v. *Foot You,* 24 Or. 61, 70
(32 Pac. 1031: 33 Pac. 537), and in *State* v. *Reyner,* 50
Or. 224, 231 (91 Pac. 301).   As to the reason and neces-
sity for exception to errors relied upon on appeal, see the
exhaustive dissenting opinion of Mr. Justice LORD in
*State* v. *Cody,* 18 Or. 534 (24 Pac. 895).

We find no error in the proceedings of the lower court,
and the judgment is affirmed.                    AFFIRMED.

Decided December 21, 1909.

ON MOTION FOR REHEARING.

[105 Pac. 708.]

MR. JUSTICE EAKIN delivered the opinion of the court.

7. The attorneys for the defendant have presented a very lengthy and forcible argument, urging a rehearing in this case upon the theory that the verdict of guilty against the defendant is based on an inference deduced from an inference, and that otherwise the *corpus delicti* is not proven. But this whole argument is dependent upon the assumption that the *corpus delicti* must be established by proof aliunde the confession or admissions of the defendant. This assumption is erroneous. A confession by a defendant may be a naked statement that he is guilty of a crime, or it may be a full statement of the circumstances of its commission, including his part in it, and the rule is that his statement of extraneous facts, not involving guilt, even when the confession is not admissible because not voluntary, or for other reasons, may be received against a defendant as evidence of such facts. 1 Wharton's Crim. Evidence, § 678, says:

"Although confessions made by threats or promises are not evidence, yet if they are attended by extraneous facts which show that they are true, any such facts which may be thus developed, and which go to prove the existence of the crime of which the defendant was suspected, will be received as testimony; *e. g.*, where the party thus confessing points out or tells where the stolen property is. * * But when the search is successful, and the inculpatory thing is thus identified, this necessarily brings with it the reception in evidence of the defendant's statements giving the clue."

To the same effect is 1 Greenleaf, Evidence, §§ 170, 231; and also 3 Enc., Evidence, 341.

8. This rule was followed in *State* v. *Reinhart*, 26 Or. 477 (38 Pac. 822) where it was insisted that the entries by the defendant in the books of the firm are in the

nature of a confession and insufficient to convict, unless there is other evidence that the firm actually lost some money.    Chief Justice BEAN says in the case above cited:

"We cannot concur in this position. A 'confession,' in a legal sense, is restricted to an acknowledgment of guilt made by a person after an offense has been committed, and does not apply to a mere statement or declaration of an independent fact from which such guilt may be inferred. The entries of the defendant in the books of account which he was required to keep are not confessions or admissions of guilt, but are perfectly innocent in themselves. * * We are clearly of the opinion, therefore, that the books of account kept by the defendant are sufficient to prove the *corpus delicti.*"

In *State* v. *Rogoway,* 45 Or. 610 (78 Pac. 987: 81 Pac. 234) defendant's statements, independent of the confessions, were recognized as part of the proof of the *corpus delicti,* as tending to show criminal agency. The same holding is found in *State* v. *Mims,* 26 Minn. 186 (2 N. W. 494, 683). In *State* v. *Crowder,* 41 Kan. 101 (21 Pac. 208), it is held that "admissions by persons accused of crime suggesting the inference that such crime was in fact committed as alleged are always admissible against the person making the admission." See cases there cited. "It (the statement of the defendant) is a most satisfactory establishment of the fact that money was offered Wilson not to testify, and that is the limit of the legal effect that can be given it."

To the same effect are *People* v. *Miller,* 122 Cal. 84 (54 Pac. 523) ; *Taylor* v. *State,* 110 Ga. 150 (35 S. E. 161) ; *Powell* v. *State,* 101 Ga. 9 (29 S. E. 309: 65 Am. St. Rep. 277) ; *Taylor* v. *State,* 37 Neb. 788 (56 N. W. 623). In this case defendant made no confession. What counsel referred to in the motion as confessions and admissions were statements of facts, not amounting to admissions of guilt, and hence do not come within the prohibition.

Section 1403, B. & C. Comp., provides that "nor is a confession only sufficient to warrant his conviction, without some other proof that the crime has been committed." And this we understand is the only limitation as to evidence of statements of defendant in proof of the *corpus delicti*. This case does not come within that statute. This same point was decided in *People* v. *McGloin*, 91 N. Y. 253. Section 395 of the New York Criminal Code contains the exact provision of Section 1403, B. & C. Comp., above quoted. The defendant, who was on trial for murder, had made a confession of guilt in writing, and upon the appeal it was urged that there was no "additional proof that the crime had been committed," and it was held that, aside from the confession, previous statements made by the defendant to a witness tended to prove the burglary and also the unlawful killing connected therewith.

9. These statements by the defendant, namely, that he bought the four cows and three calves, that he butchered the three calves, so bought, and sold them to the butcher, that the dry cow was the "3 S" cow, not the Boyce cow, are corroborated by the testimony of Leslie Wellman, who said that he put the cows in the pasture that morning for Brinkley, that they were hard to drive and one of them, a red moolley cow (the Boyce cow), broke away and came back to Brinkley's place, that Brinkley said he had killed the calves of the three cows driven by Wellman; also, by the testimony of H. E. Wellman, to the effect that defendant borrowed his wagon to take three veals to town, and that he helped defendant to load them; also, by that of Harry Fawcett, the butcher, who testified that he bought three calves, butchered, from the defendant; also, by that of Boyce, who said that defendant told him that he bought these three cows (one belonging to Boyce, one to Warren and one to Truscott) and the "3 S" cow from the same parties, and that he butchered the calves

of the three cows; and also by the testimony of Osborne who said that this Boyce cow (red moolley), in defendant's pasture, had recently been separated from her calf. So that the statements of the defendant are admissible to prove the facts establishing the *corpus delicti*, and it does not rest alone upon an inference deduced from an inference, but upon facts proven that are sufficient to take the case to the jury.

The motion is denied.

AFFIRMED: REHEARING DENIED.

---

Decided December 21, 1909.