Submitted on briefs February 17, decided March 3, 1914.

## STATE *v.* ODEN.

(138 Pac. 1083.)

**Witnesses—Examination—Leading Questions—Discretion of Court.**

1. On a trial for statutory rape, where the prosecutrix was stupid and densely ignorant, not knowing even the state and county in which she lived, it was within the discretion of the court to permit leading questions by the prosecuting attorney.

**Witnesses—Examination—Recalling Witness.**

2. On a trial for statutory rape, where prosecutrix has been re-called and testified that another person had sexual intercourse with her, but denied that any boys had done so, the refusal to allow defendant to again recall her for cross-examination on that question is not error.

**Rape—Evidence—Admissibility.**

3. On a trial for statutory rape, evidence of statements by prose-cutrix to a third person some time after the offense accusing defendant, are admissible, especially where he has offered proof that the prosecution was instigated by the mother of the prosecutrix to extort money from defendant.

**Criminal Law—Trial—Instructions—Necessity for Request.**

4. Error cannot be predicated on the failure to define "penetration" in a trial for statutory rape, in the absence of a request for such an instruction.

**Criminal Law—Instructions—Defining Terms.**

5. In a trial for statutory rape, it is not necessary for the court to define "penetration."

From Jackson: FRANK M. CALKINS, Judge.

Statement by MR. CHIEF JUSTICE McBRIDE.

The defendant, Virgil Oden, was convicted of rape, committed by having carnal intercourse with a girl under the age of 14 years, and he appeals. The facts are stated in the opinion.          AFFIRMED.

Submitted on briefs without argument under the proviso of rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).

For appellant there was a brief over the name of *Mr. W. J. Canton.*

For the State there was a brief over the name of *Mr. Edward E. Kelley,* District Attorney.

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. The first ground of error alleged was the ruling of the court permitting the district attorney to ask the prosecuting witness leading questions. The evidence shows that the girl was about 14 years of age, stupid almost to the verge of imbecility, and densely ignorant—not even knowing the state and county in which she lived. It is difficult to see how the district attorney could have obtained any evidence whatever from this witness except by asking her leading questions and even simplifying these to the caliber of her understanding. Leading questions are always in the discretion of the court, and we do not think that it abused its discretion in this instance.

2. The second objection is that the court erred in refusing to allow defendant's counsel to recall the witness for further cross-examination respecting her intercourse with other persons. It appears from the record that she was actually recalled and interrogated as to this subject and answered that another person had had sexual intercourse with her, but denied that any boys had done so. The defendant's counsel made no offer of further proof along that line, and from what appears in the record the matter was fully covered by the questions asked and answered.

3. The next objection is to the admission by the court of the testimony of Mrs. Marsh, tending to show that the prosecutrix some time after the alleged commission of the offense made statements to her accusing the defendant of the crime. It needs no citation of authority to show that admission of evidence of such complaints was admissible, and it was especially so in this case, where the defendant had offered proof tending to indicate that the charge against him had been instigated by the mother of the prosecutrix for the purpose of extorting money from the defendant. The

testimony of Mrs. Marsh tended to show that the statements of the girl were made to her after the alleged commission of the offense, which was said to have been committed in her mother's absence and before her return, which in some degree tended to negative the charge of a conspiracy between the child and her mother.

4. The failure of the court to define "penetration" is assigned as error. No request was made for such an instruction, and therefore no error can be predicated upon the failure of the court to give it: *State* v. *Brinkley,* 55 Or. 134 (104 Pac. 893, 105 Pac. 708).

5. It is difficult to see what further definition could be given of penetration beyond what is suggested by the word itself. Used in connection with sexual intercourse, everybody knows just what it means, and it was no more necessary for the court to have given its definition than for it to have defined every word of more than three syllables used in the charge.

Finding no error, the judgment is affirmed.

AFFIRMED.