[Civ. No. 2212. Second Appellate District.—February 13, 1917.]

## E. VAN CALBERGH, Respondent, v. ALICE A. EASTON et al., Appellants.

ADVERSE POSSESSION—POSSESSION AND PAYMENT OF TAXES — TIME.— Where a claim of title to real property is based upon adverse possession, it is necessary for the claimant to show that he has been in the continuous and uninterrupted possession of the property for a period of five years preceding the commencement of an action to quiet his title thereto, and that he has paid the taxes thereon for such period.

ID.—PAYMENT OF TAXES — DOUBLE PAYMENT UNAUTHORIZED.—Under section 325 of the Code of Civil Procedure, it is an indispensable prerequisite that the adverse claimant shall have paid all taxes levied and assessed within the period of his occupancy, and if they have been paid prior to the time he offers payment, the tax debt for that year has been satisfied, and the double payment amounts to naught.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, for Appellants.

Frank C. Prescott, for Respondent.

JAMES, J.—Plaintiff brought this action to quiet his title to a certain lot of land in the city of Los Angeles, alleging that he had for more than five years last past been the owner and in possession of and had paid the taxes upon the lot. It was asserted by the complaint that Alice A. Easton, a defendant, and certain other persons sued by fictitious names claimed an interest in the property adverse to the plaintiff. The complaint was filed on November 12, 1912. J. M. Moyer appeared and answered, claiming to be the successor in interest of the defendant Alice A. Easton and to be one of the persons mentioned by fictitious name in the complaint of plaintiff. He filed an answer and cross-complaint, alleging fee-simple ownership of the land in controversy, and asking for judgment accordingly. There was an answer to the

cross-complaint and the case went to trial; findings and judgment being made and entered in favor of the plaintiff, from which judgment and from an order denying a new trial to the defendant, this appeal was taken.

The record of the trial is presented by bill of exceptions. It is shown that by stipulation of the parties it was agreed that in April, 1889, Alice A. Easton was the owner of the property in fee title. The plaintiff testified that prior to the year 1907 he had owned and lived upon the lot immediately adjoining that in controversy here; that in November, 1907, he was informed by one Warden, connected with an abstract company, that said Warden had for sale the lot described in the complaint; that he was assured by Warden that he could give a clear certificate of title, which was given, and in consideration of a deed being made, the plaintiff paid to Warden the sum of $375. The deed from Warden to the plaintiff was introduced in evidence. It bore date of November 6, 1907, but the plaintiff testified he did not receive the deed until the latter part of November, 1907. By that testimony we take it to mean that the transaction was completed and the deed delivered in the latter part of November, 1907. Plaintiff testified that he immediately took possession of the lot after receiving the deed, built a fence around it, and had used it continuously from that time on up to the date of the trial, which occurred in March, 1914. He showed payment of taxes for the years 1908, 1909, 1910, and 1911; the tax receipts introduced showing that the second payment for the year 1911 was made to the tax collector on April 24, 1912. The defendant showed that he had made several payments of taxes on the property, and particularly that he had paid the second installment of the 1911 taxes on February 7, 1912, more than two months prior to the time that the plaintiff made a duplicate payment of the same tax. In proving his chain of title, taking the fact stipulated that Alice A. Easton was the owner in fee of the property in 1889, he showed by the judgment-roll that title had been quieted in his favor against Alice A. Easton and others in July, 1910.

The court in its findings did not determine that at the time of the commencement of the action the plaintiff had acquired title to the lot and was the owner thereof, but made its findings in this way: "That at the date of the filing of the complaint, to wit, the twelfth day of November, 1912, the plain-

tiff was not, and for more than five years next preceding said date had not been, the owner of the tract of land described in the complaint. . . . That for more than five years prior to the filing of the complaint in this action, to wit, ever since the tenth day of November, 1907, to the present time, viz., the date of the filing of these findings, the plaintiff has been, by actual occupation, in the open, notorious, uninterrupted, adverse, continuous, exclusive, hostile possession, under a claim of title and color of title, of said lands hereinbefore described, and the plaintiff has paid all taxes levied and assessed since the inception of said possession, but he did not pay the second half of the city or of the county taxes levied and assessed for the year of 1912 until after the filing of the complaint herein.'' Appellant argues, and we can see no escape from the legal logic, that in order to authorize a judgment in favor of the plaintiff it was necessary, because of the fact that adverse possession was relied upon, that plaintiff show continuous and uninterrupted possession and the payment of taxes for a period of five years preceding the commencement of the suit. The evidence did not establish such a condition of fact, and neither was it by the findings of the court so determined. By his own testimony it appeared that the plaintiff did not receive a deed or enter into possession of the lot until ''the latter part of November, 1907.'' He commenced this action on the 12th of November, 1912, which was less than five years from the date of the delivery of the deed. If the conclusion of the court is the correct one— that is, that it mattered not whether the complaint was filed within five years, so long as at the time of the trial or the making of findings the full five years had run—then the complaint may as well have been filed during the third year of the prescriptive term, with the only condition that the full period of five years should have completely run before judgment. It would seem that a bare statement of the proposition is its own answer.

Appellant makes the further contention that, conceding that the plaintiff had been in possession adversely for the full period of five years prior to the commencement of the action, nevertheless it was not shown that he had paid all taxes levied and assessed against the property, because the second half of the 1911 tax was paid by the defendant in February; and that the further payment of the same tax by the plaintiff

more than two months later would not satisfy the requirements of the statute. We are in accord with the appellant on this proposition also. We recognize the decisions in cases like *Owsley* v. *Matson,* 156 Cal. 401, [104 Pac. 893], and *Cummings et al.* v. *Laughlin et al.,* 173 Cal. 561, [160 Pac. 833], as determining, under the facts of those particular cases, that a payment by each of the contending parties of the same tax would not debar the prescriptive claimant from the benefit of the payments made by him. Such decisions are applicable to cases of overlapping boundaries, but we think not applicable to facts such as are here involved. If it be the law that an adverse claimant can rest upon his payment of taxes, notwithstanding they may have already been paid by the record owner, then the record owner is powerless to protect himself at all against the evidence of the payments made by the adverse possessor, and in order to prevent title to his property from being divested, he will be compelled to go into court before the prescriptive period has run, and either ask for an ejectment of the person in possession or seek a decree to quiet title against the unmatured right of the claimant. The statute (Code Civ. Proc., sec. 325), to our minds, makes it an indispensable prerequisite that the adverse claimant shall have paid all taxes levied and assessed within the period of his occupancy, and if they have been paid prior to the time that he offers payment to the tax collector, then the tax debt for that year has been satisfied and the second payment amounts to naught. In such a case the adverse claimant could not be held to have paid the tax. The argument that this view may result in a scramble between the owner of the legal title and the adverse claimant as to who shall be first at the tax collector's office is rather an argument against the expediency of the statute than against its effect. To our minds, its effect is plain, and stated in language unmistakable.

We think the contentions of appellant on each of the questions discussed must be sustained.

The judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 13, 1917, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the second appellate district is denied. In denying the petition we deem it proper to say that we do not desire to be understood as approving the portion of the opinion relative to the matter of the payment of the second installment of taxes for the year 1911. We are satisfied that the decision of the district court of appeal is correct upon the first ground for its decision stated therein.