Submitted on briefs September 7, affirmed September 21, 1926.

## STATE v. JIM JONES.

(249 Pac. 364.)
</div>

**Larceny—In Prosecution for Larceny, Disarming of Owner by Defendants and Their Sudden Departure from Scene of Offense was Sufficient Proof of Nonconsent.**

1. In prosecution for larceny of cow, where it appeared that when owner came upon scene of offense defendant dropped part of carcass he was carrying away and departed suddenly and his companions disarmed owner, there was sufficient proof of nonconsent of owner.

**Larceny.**

2. Where defense was that defendant believed property taken was that of companions, his intent was for jury.

**Larceny.**

3. "Larceny" is felonious taking and carrying away of personal property of another, with intent to deprive owner of his property permanently and convert it to use of taker.

---

Criminal Law, 17 C. J., p. 334, n. 99.
Larceny, 36 C. J., p. 734, n. 13, p. 911, n. 28, p. 912, n. 36, p. 916, n. 98.

2. See 8 R. C. L. 61.
3. See 17 R. C. L. 4.

From Columbia: J. A. EAKIN, Judge.

In Banc.

Defendant was convicted of larceny of a cow. He was indicted with two other parties, one of whom plead guilty and the other had not been brought to trial when defendant was sentenced. He appeals from the judgment assigning errors which will be noticed in the opinion.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. L. H. M'Mahan* and *Mr. John L. Storla.*

For respondent there was a brief over the name of *Mr. John L. Foote,* District Attorney.

COSHOW, J.—1. The first assigned error is the order denying defendant's motion for directed verdict for the reason that there was no evidence that the cow alleged to have been stolen was taken without the consent of the owner. There was evidence that the owner came suddenly upon the defendant and the two other parties after the cow had been killed and while they were in the act of carrying it away. They had cut the animal into quarters or smaller parts and while yet in the immediate vincinity of the place where the animal had been shot unexpectedly came upon the owner who was armed with a pitchfork. Defendant dropped the part of the carcass he was carrying and departed suddenly, leaving his hat upon the ground. One of the other two grabbed the owner, another disarmed him of the pitchfork, and then they too hastened away. It would seem that this was sufficient evidence from which the jury might infer that they were not taking the animal away with the consent

119 Or.—21

of the owner. Nonconsent of the owner may be proved by circumstantial evidence as any other fact constituting an element of the crime: Underhill's Criminal Evidence (3 ed.) 662; 3 Wigmore on Evidence, 2816, § 2089; *State* v. *Sally*, 41 Or. 366, 368 (70 Pac. 396).

2, 3. The defendant further contends that there was no evidence connecting him with the original taking of the cow or with the killing of the animal. There was evidence that the defendant was in the act of carrying away parts of the carcass when he and his companions were discovered by the owner. Larceny is defined to be:

" * * the taking and carrying away from any place, at any time, of the personal property of another, without his consent, by a person not entitled to the possession thereof, feloniously, with intent to deprive the owner of his property permanently, and to convert it to the use of the taker or of some person other than the owner."    36 C. J. 734, § 1.

The defendant admitted while a witness in his own behalf that he was in the act of taking and carrying away a part of the animal of which he is charged with stealing. His contention is, however, that he was merely assisting the other two who had previously killed the animal not knowing at the time that the cow did not belong to his companion. This contention was submitted to the jury with proper instructions by the judge. Among other things the judge instructed the jury as follows:

"If he was not a participant in any way in the original taking and stealing of the animal, his subsequently taking part in disposing of it under the impression on his part that Brewer and Lane owned the cow and had a right to dispose of it, he would not be liable then for larceny. He would be an innocent

participant, but if they had stolen the cow and completed stealing of it before the defendant Jim Jones knew anything about it and then subsequently they came to him and told him about it and he then knowing that the cow had been stolen, simply receiving a part of the meat, he would not be liable for larceny. It would be another offense that he would be guilty of. He has got to be a participant in the original scheme of stealing the animal either as any person would take part in it, or aiding and abetting those who did take part in it, by advice, direction or assistance generally.''

This instruction was as favorable to the defendant as he was entitled to. The question of defendant's intent in taking the part he did with his companions was one of fact to be answered by the jury.

Defendant assigns error in the instructions but very indefinitely. It is impossible to tell from the bill of exceptions or the brief just what instructions the defendant excepted to. A careful examination of the instructions discloses no material error. The instructions were very fair to the defendant. Fair and full instructions covering the law applicable to his defense were given.

Exception was also saved to the ruling of the court upon an objection to evidence offered by the defendant regarding his age when he entered school. The question propounded by the attorney for defendant to which an exception was sustained was immaterial. He was forty-five at the time of the trial. No error was committed in sustaining the objection to the question. The judgment appealed from is affirmed.

AFFIRMED.

RAND and BELT, JJ., did not take part in this decision.