Argued September 16, affirmed October 12, rehearing denied December 28, 1926.

## STATE v. J. W. MASTERS.

(249 Pac. 831.)

**Criminal Law—Sufficiency of Evidence to Sustain Conviction may not be First Raised on Appeal (Const., Art. VII, §§ 2b, 6).**

Supreme Court will not pass on sufficiency of evidence to sustain conviction, where question is raised for first time on appeal, in view of Constitution, Article VII, Sections 2b, 6, defining jurisdiction of Circuit and Supreme Courts.

———

Courts, 15 C. J., p. 1109, n. 58.
Criminal Law, 17 C. J., p. 55, n. 92, p. 59, n. 41, p. 67, n. 27, n. 72, n. 65, p. 74, n. 90, p. 212, n. 18.

From Clackamas: J. U. CAMPBELL, Judge.

Department 2.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. Walter B. Gleason.*

For respondent there was a brief and oral argument by *Mr. Livy Stipp,* District Attorney.

BURNETT, J.—The defendant was indicted in the Circuit Court of Clackamas County for a violation of the following statute:

"No mash, wort, or wash, fit for distillation or for the manufacture of spirituous, malt, fermented, alcoholic or other intoxicating liquors, shall be made, fermented or possessed within this state by any person who does not at the time hold a permit issued under the laws and regulations of the United States for the manufacture either of alcohol for denaturation or of vinegar or of beverages containing less than one-half of 1 per cent of alcohol by volume, from intoxicating liquor or by arrested fermentation. The burden of proof shall be upon the defendant in any prosecution under this act to show the possession of such a permit."

On a plea of not guilty the defendant was convicted and sentenced and has appealed. Substantially, the circumstances of the case are that the sheriff, armed with a search warrant, visited the premises admittedly owned by the defendant and his wife and found there a large quantity of mash in various stages of fermentation; likewise a still and other articles of a plant for the manufacture of intoxicating liquor, all in close proximity in the curtilage. Several exceptions were taken to the rulings of the court allowing testimony about finding these parts of a still and barrels containing the mash and other like barrels on the premises. These exceptions are noted as assign-

ments of error but were not argued at the hearing nor presented in the brief.

The sole question proffered here rests upon the seventh assignment of error, reading thus:

"The court erred in imposing a judgment based upon the verdict of the jury, in that there is no evidence adduced at the trial as to the defendant, J. W. Masters, sufficient to sustain said verdict and judgment."

According to the record, this question was not raised before the Circuit Court. No motion for a directed verdict, or anything of the kind, was addressed to that tribunal. It is presented for the first time in this court. It is hornbook law in this state that the objection to the jurisdiction of the court, or that the primary pleading does not state facts sufficient to constitute a crime, or cause of action, can be raised for the first time in the Supreme Court, but that is a question of pleading and not one of evidence. As at present constituted, the judicial system of this state does not contemplate that the Supreme Court can assume original jurisdiction except in matters of *quo warranto, mandamus* and *habeas corpus:* Const., Art. VII, § 2b. Original jurisdiction, except as thus stated, rests exclusively in the Circuit Courts and

"The Supreme Court shall have jurisdiction only to revise the final decisions of the circuit courts." Section 6, Art. VII, Const.

Hence, the rule is that it is not error alone but only error legally excepted to which will constitute grounds for appeal to the Supreme Court: *Kearney* v. *Snodgrass,* 12 Or. 311 (7 Pac. 309); *State* v. *Foot You,* 24 Or. 61 (32 Pac. 1031, 33 Pac. 537); *State v. Daley,* 54 Or. 514 (103 Pac. 502, 104 Pac. 1); *State* v. *Brinkley,* 55 Or. 134 (104 Pac. 893, 105 Pac. 708);

*State* v. *Kelly,* 118 Or. 397 (247 Pac. 146). The original and primary jurisdiction to try the question of the sufficiency of the evidence is vested in the Circuit Courts and the question must first be presented there, before it can be considered here. In the following precedents, cited by the defendant, the issue of law on the adequacy of the proof was tendered in the trial court either by the defendant's motion for a directed verdict of not guilty or to strike out the testimony, or by exceptions to a denial of his requests to instruct the jury: *State* v. *Drew,* 179 Mo. 315 (78 S. W. 594, 101 Am. St. Rep. 474); *State* v. *Cox,* 91 Or. 518 (179 Pac. 575); *State* v. *Moss,* 95 Or. 616 (182 Pac. 149, 188 Pac. 702); *State* v. *Brock,* 112 Or. 59 (228 Pac. 920); *State* v. *Buoy,* 113 Or. 217 (232 Pac. 623).

There being no decision of the Circuit Court in the instant case as to the sufficiency of the evidence in point of law, the judgment is affirmed.

AFFIRMED.   REHEARING DENIED.

MCBRIDE, C. J., and BEAN and BROWN, JJ., concur.