Submitted on briefs April 15; affirmed May 20, 1930.

## STATE *v.* FISHER

(288 P. 215)

*Edward C. Judd* of Astoria for appellant.

*F. P. Leinenweber,* District Attorney, and *F. M. Franciscovich,* Special Prosecutor, both of Astoria, for the State.

COSHOW, C. J. The still alleged to have been set up by defendant was located in a remote place about three-fourths of a mile from the road connecting Astoria and Seaside. The sheriff or his deputies had visited the still some seven times before the 8th day of July, 1929, when defendant and said Kables were arrested. At no time did the sheriff or his deputies find what they term a dome on the still. The still could not be operated so as to make liquor without a dome. However, there is evidence that the still had been in use and had made moonshine liquor. The sheriff arrested said Kables while the latter was walking toward the still in the bed of a small creek on the banks of which the still was located. There were several barrels of mash in the immediate vicinity of the still, a burner, not lighted, was under the still; the still worm was by the side of the still.

■ Defendant, after he was arrested, and while all the parties were yet at the still, or on their way to Astoria, talked quite freely to the officers and made damaging admissions. Defendant was arrested within 75 feet of the still where he had been hiding behind a log. Deputy Sheriff Christensen testified that the defendant

said at the time he was arrested: "I heard you say you were coming to get me. If I did get away you would come and get me anyway." After the officers and defendant had arrived at the highway, and while they were waiting for an automobile to take them to Astoria, said witness also testified that defendant said to the sheriff: "What will I get for this? About six months in jail?" Said witness also testified defendant admitted he had been operating the still. Defendant also asked the sheriff what he would get for having the still in his possession. Defendant relies on the testimony of said witness that the still would not operate to make liquor in the condition in which they found it. He argues, based on that testimony, that the *corpus delicti* had not been proved. They found about two gallons of liquor in the immediate vicinity which liquor defendant stated had been manufactured with the still. The liquor was a dark color. Defendant explained that it was dark because the charcoal used was not fit for clarifying the liquor. The jury could infer from that admission that there had been a dome on the still. Said witness also testified on cross-examination that defendant said: "It (the dome) had been hid in the brush." This witness is corroborated by Wirtz, another deputy sheriff, and by the sheriff. The *corpus delicti* can be proved by circumstantial evidence: *State v. Weston,* 102 Or. 102, 115 et seq. (201 P. 1083); *State v. Brinkley,* 55 Or. 134, 141 (104 P. 893, 105 P. 708).

■ Defendant contends that his objection to the introduction of the admissions made by him should have been sustained because he was not informed of his right to counsel and warned as required by law. There is a distinction between admissions and confessions: *State v. Howard,* 102 Or. 431, 451 (203 P. 311); *State*

*v. Weston,* above. The admissions were competent though defendant had not been warned as the law requires when the state relies on a confession.

■ The motion to dismiss the case, or for a directed verdict, is equivalent to a demurrer to the evidence: *State v. Williams,* 102 Or. 305, 307 (202 P. 428). Defendant did not take the stand and there was no attempt to refute the testimony of the witnesses introduced by the state. The evidence and the exhibits, which included the parts of the still found by the sheriff and his deputies, some of the mash also found there, some of the moonshine liquor, together with the admissions of defendant, not only constitute some evidence, but seem to the writer to prove beyond a doubt that defendant had set up and had been operating a still, if not on the 8th day of July, 1929, within a few days before. Defendant admitted to the officers that he was a part owner of the still. He also informed the sheriff that he had carried the still from its former location to the site where he was arrested. He had in his possession therefore not only the still but also the still worm forbidden by section 6 of chapter 30, p. 45, of Gen. L. of Oregon for 1923. The admission that he had run off liquor with the still was some evidence that the still was, either then, or had been within a few days prior thereto, set up as defined by section 5 of said chapter 30.

■ That the *corpus delicti* must be proved beyond a reasonable doubt before a person can be convicted of a crime is elementary: 7 R. C. L. 774, § 2. But that the *corpus delicti* can be proved by circumstantial evidence is equally well established in this state by the authorities above cited.

The judgment is affirmed.